*579 OPINION.
Love:
The only issue in this case is whether or not petitioner, for income-tax purposes, was the recipient of 40 per cent of the distributable profits of the partnership in question, in the taxable years 1922 and 1923, or only 10 per cent of such profits.
The respondent’s contention is that petitioner’s two daughters were not members of that partnership, and hence received the parts which they did receive, only through their father as a member of that firm, and after its legal receipt by him.
The record in this case clearly shows that C. W. Crane & Co. had no physical assets of any material value; that its entire working capital consisted of its surplus (in cash) and its undivided profits, at times augmented by divided but unreleased profits. All of such assets, that is, the working capital, were subject to the exigencies of the business, and subject to losses. To that extent at least, each and every person owning an interest in that working capital shared in the losses incident to the business. They also owned a proportional share in all the capital assets, if indeed it may be said that the company had any capital assets.
Summarizing the situation, it appears that each owned an interest in the capital assets; each shared the losses, at least to a limited *580 extent, incident to the business; each shared in the profits of the business. The case is made stronger when all parties concerned recognize, declare and contend that the status of these women was that of partners.
That a partner may sell or give a part of his interest to another is a legal right well recognized. See Williami W. Parshall, 7 B. T. A. 318, where this question is discussed at some length, and distinguished from the situation existing in Ormsby McKnight Mitchel, 1 B. T. A. 143. As to whether the purchaser, or donee, becomes a partner, and if so, what status in the firm he will occupy, depends on the consent and agreement of the other members of the firm. If they agree to take him into the firm, as they did in the instant case, there is-no law which interferes with that agreement.
We therefore hold that during the years 1922 and 1923, Mrs. Latham and Mrs. Hahn were partners in the firm of C. W. Crane & Co., and that each was entitled to receive in her own right 15 per cent of the profits of that firm, and that the said amounts so received by them were not taxable income to the petitioner.
By reason of the fact that, as disclosed by the petition, the entire amount of the deficiency is not dependent on the issues involved and decided in this opinion,

Judgment will be entered wider Rule 50.

Reviewed by the Board.